UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MODESTO HERNANDEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:10CV1333 (DJS) |
| | : | |
| BERLIN NEWINGTON | : | |
| ASSOCIATES, LLC | : | |
|     Defendant. | : | |

MEMORANDUM OF DECISION

The plaintiff Modesto Hernandez ("Hernandez") seeks injunctive relief against the defendant, Berlin Newington Associates, LLC, for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("the ADA"). In his Complaint, Hernandez alleges that he is a qualified individual with a disability and that the defendant is the owner, lessee, and/or operator of a place of public accommodation (a shopping center known as the Plaza) located on the Berlin Turnpike in Newington, Connecticut. Hernandez further alleges that he has experienced serious difficulty accessing the goods and services provided at the Plaza because of architectural barriers that constitute violations of the ADA. Pending before the Court is the plaintiff's motion for summary judgment. For the reasons stated below, the plaintiff Hernandez's motion for summary judgment (doc. # 58) is denied.

DISCUSSION

Summary judgment is appropriate only where a movant makes a clear showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). In determining a motion for summary judgment, the Court must construe facts in a light most favorable to the non-movant, here the defendant, drawing all reasonable inferences and resolving all ambiguities in the defendant's favor. *Colavito v. New*

*York Organ Donor Network, Inc.*, 438 F.3d 214, 217 (2d Cir. 2006). "Thus, when the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182 (a). For the purposes of § 12181 (a), "discrimination includes . . . a failure to remove architectural barriers . . . where such removal is readily achievable . . . ." 42 U.S.C. § 12182 (b)(2)(A)(iv). The defendant has stipulated that it is the owner/operator of a place of public accommodation (the Plaza) and that Hernandez is a disabled individual as defined by the ADA.

Despite the defendant's stipulations that Hernandez is a disabled individual and that the Plaza is a place of public accommodation, this clearly is a case where there is a genuine dispute as to material facts. In his Complaint, Hernandez alleges that he suffers from polio and requires a wheelchair to ambulate safely. He further alleges that when he visited the Plaza in 2010 he encountered inaccessible parking, signage, counters, ramps and curbs, and entrances in violation of the ADA. An initial report from the plaintiff's engineering expert, dated November 18, 2011, identified numerous conditions that did not, in the expert's opinion, meet the technical specifications published by the Department of Justice in the ADA Standards for Accessible Design. In his motion for summary judgment, Hernandez contends that thirty-nine specific

architectural barriers still remain at the Plaza in violation of the ADA. In support of this factual claim he cites to an updated report from his engineering expert dated March 20, 2014.

In opposing the plaintiff's motion for summary judgment, the defendant contends that it has performed, or is in the process of performing, all modifications and repairs necessary to ensure that all disabled patrons are able to use its premises. The defendant's contention in this regard is supported by an affidavit from its managing agent who has personal knowledge of, and has had personal involvement in, actions taken to address issues raised by the plaintiff's engineering expert. Hernandez acknowledges, but disputes, the defendant's contention that it had performed renovations and resolved all barriers identified in the initial report of the plaintiff's engineering expert.

The Court is hard-pressed to understand how a serious argument could be made that there is no material fact genuinely in dispute in this case. This fatal flaw in the motion for summary judgment is even more evident in light of the fact that this action seeks injunctive relief. "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under [Title III of] the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (citation omitted); *see also Harty v. Simon Property Group, L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) ("a plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm"). The plaintiff contends he is entitled to an injunction because barriers to access have not been removed. The defendant contends that all barriers to access have been removed or are in the process of being removed. This basic factual dispute is particularly inappropriate for resolution by means of a

motion for summary judgment, since "[o]n a motion for summary judgment, the court is to identify factual issues, not . . . resolve them." *In re Dana Corp.*, 574 F.3d 129, 156 (2d Cir. 2009). "Indeed, it is the very purpose of the trial to establish which party's version of the contested circumstances best comports with reality." *Quinn*, 613 F.2d at 445. Accordingly, the plaintiff's motion for summary judgment (**doc. # 58**) is **DENIED**.

**SO ORDERED** this   30th   day of January, 2015.

_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE