UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MODESTO HERNANDEZ, : <br> an individual, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> BERLIN NEWINGTON ASSOCIATES, LLC : <br> a Delaware Limited Liability Company, : <br> : <br> Defendant. : <br> _____/ | CASE NO.: 3:10-cv-01333-VLB |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION
SEEKING AN ORDER SPECIFYING WHAT FACTS ARE NOT
GENUINELY AT ISSUE AND INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiff, Modesto Hernandez, pursuant to the inherent powers of this Court, Local Rule 7, and Fed. R. Civ. P. 56(g), and for the reasons stated in the incorporated Memorandum of Law, respectfully submits this Motion for Leave to File Motion Seeking an Order Specifying what Facts are Not Genuinely At Issue. As noted below, due to the recent judicial reassignment in this case (and the potential for differing judicial approaches to case management), Plaintiff seeks to enable the Court to award *partial* summary judgment in this case, a discretionary case management option that the previous presiding Judge declined to utilize.

## II. RELEVANT PROCEDURAL BACKGROUND

On January 20, 2015, this Court issued its Order Denying Summary Judgment (Dkt. No. 67 or "SJ Order"). Therein, the Court found that disputes of fact existed as to whether Defendant had "mooted" some of Plaintiff's claims by allegedly modifying a number of barriers at the Property. *Id.* at 3. The Court did *not* rule on multiple other issues on which Plaintiff sought

1

ORAL ARGUMENT <u>NOT</u> REQUESTED

summary judgment, nor did it issue an opinion as to those architectural barriers that Defendant did not assert had been corrected.

On February 13, 2015, Plaintiff filed a motion for reconsideration wherein it requested (as alternative relief) an Order Specifying those Facts not Genuinely at Issue. Dkt. No. 69-1. As noted by Plaintiff therein:

> Plaintiff does not ask this Court to reverse itself but simply reconsider Plaintiff's alternative request for relief: that the Court enter an Order stating certain facts or issues as established for trial. Plaintiff does *not* ask this Court to reconsider its finding that genuine disputes of material facts exist. Those 'disputes' will be the subject of the upcoming trial. Rather, in this narrowly-tailored request for relief, Plaintiff asks that this Court, as it did "not grant all the relief requested by [Plaintiff's] motion, [to] enter an order stating any material fact…is not genuinely in dispute and treating the fact as established in this case." Fed. R. Civ. P. 56(g). Though the Court's use of Rule 56(g) is discretionary, Plaintiff respectfully suggests that utilizing this rule here would narrow the issues for the upcoming mediation and trial, which would in turn conserve the Court's time and resources and enhance the prospects of settlement.

*Id.* at 3.

On August 28, 2015, the Court "decline[d] to take further action as to the plaintiff's motion for summary judgment[.]"  Thus, Plaintiff does *not* seek an Order overturning the previous ruling, but suggests that the Court may now wish to take further action.

## III.     LAW AND ARGUMENT

The Court has the option in its sole discretion to award *partial* summary judgment pursuant to Rule 56(g). Plaintiff submits that the following facts or issues are established for trial:

1. Plaintiff qualifies as a disabled individual under the ADA;

2. Defendant is the owner / operator of a place of public accommodation, and is therefore liable for noncompliance

2

ORAL ARGUMENT NOT REQUESTED

      with the ADA;

3. Condition Nos. 1-7, as identified by Plaintiff's expert, constitute architectural barriers at the property;

4. The removal of barriers is 'readily achievable'; and

5. Plaintiff has standing to bring this action and seek injunctive relief.

These findings are warranted here, where the Defendant either *concedes* summary judgment is proper (Issues 1, 2, and 4), offers no evidence to dispute the existence of certain barriers (Issue 3), or where the Court did not make any findings in its Order (Issue 5).  As noted below, the Court's discretionary use of Rule 56(g) is reasonable and makes sense in this case.

Accordingly, in the interests of case management and in an effort to present different case management options to the Court, Plaintiff respectfully requests leave to re-file its request for partial summary judgment.  A ruling will likely narrow the issues for trial, *greatly* shorten the length of trial, conserve judicial resources, and increase the prospects for settlement. Further, Plaintiff can re-file his Motion within 48 hours of the Court granting this Motion for Leave.

## IV.  **CONCLUSION**

For all of the aforementioned reasons, Plaintiff respectfully request that his Motion for Leave is granted.

DATE: October 29, 2015                           Respectfully Submitted,

                                                 /s/ Louis Mussman
                                                 Louis I. Mussman
                                                 Bar Number: ct27484
                                                 KU & MUSSMAN, P.A.
                                                 6001 NW 153rd Street, Suite 100
                                                 Miami Lakes, Florida 33014
                                                 Phone: (305) 891-1322
                                                 Fax: (305) 891-4512
                                                 E-mail: louis@kumussman.com

ORAL ARGUMENT <u>NOT</u> REQUESTED

## **CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that the undersigned attempted to contact counsel for Defendant for comment on the relief requested herein. However, as of this filing, Defendant has failed to respond to state its position.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October, 2015, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

                                                /s/ Louis Mussman
                                                Louis I. Mussman

ORAL ARGUMENT <u>NOT</u> REQUESTED