UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MODESTO HERNANDEZ,                          :
an individual,                              :
                                            :        CASE NO.: 3:10-cv-01333-VLB
          Plaintiff,                        :
                                            :
vs.                                         :
                                            :
BERLIN NEWINGTON ASSOCIATES, LLC,           :
a Delaware Limited Liability Company,       :
                                            :
          Defendant.                        :
_____/

**JUDGMENT**

THIS CAUSE, having come before the Court upon the parties' Joint Stipulation for Entry of Judgment, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

I.

WHEREAS, the Plaintiff filed this action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA"), pursuant to which the Plaintiff sought injunctive relief (the removal of alleged architectural barriers), and attorneys' and expert's fees, expenses and costs.

II.

Judgment is hereby entered in this matter in favor of Plaintiff Modesto Hernandez ("Plaintiff") and against Defendant Berlin Newington Associates, LLC ("Defendant").

III.

The Defendant is hereby ORDERED to remove the following architectural barriers (as identified in Plaintiff's Expert Report, Dkt. No. 58-10) from its property generally located at 3065 Berlin Turnpike, Newington, Connecticut 06111 (the "Property") in accordance with the

1

standards set forth by the U.S. Department of Justice in the Americans with Disabilities Act
Accessibility Guidelines ("ADAAG"):

A. **Barrier No. 8:** At the TGI Fridays waiting area, the hostess counter is 42" tall, in
   violation of both the 2004 ADAAG and the 2010 ADAAG standards which
   provide for a maximum allowable counter height of 36.

B. **Barrier No. 10:** At the TGI Fridays bar area, the bar counter is 41" in height, in
   violation of both the 2004 ADAAG and the 2010 ADAAG standards which
   provides that a portion of bar must be a maximum 34 inches in height.

C. **Barrier No. 11:** At the Modell's accessible parking area, there are zero
   designated van accessible spaces in the parking lot serving the two retail
   buildings, in violation of both the 2004 ADAAG and the 2010 ADAAG standards
   which provides that two are required.

D. **Barrier No. 13:** At a curb cut near Modell's, the slope of the ramp varies between
   9.4% and 11.7%, in violation of both the 2004 ADAAG and the 2010 ADAAG
   standards which provide that the maximum slope shall be 8.3%.

E. **Barrier No. 14:** At a curb cut near Modell's, the ramp has a cross slope of
   between 2.4% and 2.5%, in violation of both the 2004 ADAAG and the 2010
   ADAAG standards which provide that the cross slope shall not exceed 2.0% and
   2.08%, respectively.

F. **Barrier No. 15:** At a curb cut near Modell's, the ramp has a landing at the top
   with a slope of between 2.4% and 2.8%, in violation of both the 2004 ADAAG
   and the 2010 ADAAG standards which provide that the landing shall be level or
   have a slope not exceeding 2.0% and 2.08%, respectively.

G.   **Barrier No. 16:** At the curb cut near Modell's, the curb ramp has a flared side with a slope of 10.6%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum slope of the flared side shall be no more than 10%.

H.   **Barrier No. 20:** At the Modell's bathroom, the toilet paper dispenser is mounted 14 inches in front of the water closet, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that it shall be 7 to 9 inches in front of the water closet.

I.   **Barrier No. 22:** At the Chuck E. Cheese accessible parking area, the second accessible parking space has a slope of 6.1% and a large crater / divot running through it, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum allowable slope in any direction is 2.0% and 2.08%, respectively.

J.   **Barrier No. 24:** At the ramp near the Chuck E. Cheese accessible parking area, the ramp has a slope of between 8.3% and 11.9%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum slope shall be 8.3%.

K.   **Barrier No. 28:** At a curb cut near Chuck E. Cheese, the ramp does not have a level landing at top as there is a slope of 3.8%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that there should be level landings of 2.0% and 2.08%, respectively.

L.   **Barrier No. 29:** At the ramp near the Planet Fitness accessible parking area, the ramp has a slope of 9.2%, in violation of both the 2004 ADAAG and the 2010

ADAAG standards which provide that the maximum slope of the ramp shall not exceed 8.3%.

M.  **Barrier No. 30:** At the curb cut near Dollar Tree, the curb cut has a slope of between 9.7% and 9.8%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum slope of the ramp shall not exceed 8.3%.

N.  **Barrier No. 33:** At the accessible parking area near GNC, the second accessible space has a large crater in it that results in a slope of 17.5%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum allowable slope in any direction is 2.0% and 2.08%, respectively.

O.  **Barrier No. 35:** At the curb cut near GNC, the curb ramp has a running slope of 10.3%, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the maximum slope of the ramp shall not exceed 8.3%.

P.  **Barrier No. 63:** At the GNC bathroom, the restrooms are designated as accessible but the sign is mounted at 42 inches above the finish floor, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that sign with the international symbol of accessibility must be mounted with the text of the sign at a height of between 48 to 60 inches above the finish floor.

Q.  **Barrier No. 79:** At the Chinese restaurant bathrooms, the water closet is 23 inches from the sidewall in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that the centerline of the toilet shall be between 16 to 18 inches from the sidewall.

R. **Barrier No. 82:** At the Chinese restaurant bathrooms, the centerline of the toilet dispenser is 14 inches from the front of the water closet in violation of both the 2004 ADAAG and the 2010 ADAAG standards, which provide that the dispensers shall be between 7 to 9 inches in front of the water closet.

S. **Barrier No. 86:** At the counter in Chuck E. Cheese, the counter is 39 inches in height, in violation of both the 2004 ADAAG and the 2010 ADAAG standards which provide that a portion of the counter must be a maximum of 36 inches in height.

T. **Barrier No. 89:** At the Chuck E. Cheese bathroom, the paper towel dispenser is positioned such that there is not the required clear floor space on the push side of the door in violation of both the 2004 ADAAG and the 2010 ADAAG.

IV.

The Court DECLARES that the aforementioned items for remediation comprise "architectural barriers" within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv).

V.

The Court recognizes that the Defendant asserts that it has recently removed and/or remediated some of the alleged architectural barriers described above. Insofar as Defendant's remediations comply with the ADAAG, the Defendant will be deemed to comply with the requirements of this Order with respect to the barrier at issue.

VI.

The Court ORDERS that all modifications to be undertaken pursuant to this Judgment shall be completed no later than June 1, 2016. The parties shall work together throughout this time period to ensure proper completion of the modifications on or prior to June 1, 2016.

Defendant agrees to provide status reports to the Plaintiff during the process including work orders, bills, contractor completion notices and photographs with measurements of the completed modifications.  Upon receipt of aforesaid documents, Plaintiff shall provide written confirmation that each evidenced barrier modification has either been successfully completed or shall state any deficiencies with specificity within twenty (20) days of receipt.

VII.

The Court ORDERS that all modifications required herein shall be reasonably maintained in an accessible condition that complies with the requirements of the ADA.

VIII.

Defendant is further ORDERED to pay $75,000.00 into a construction escrow account to ensure the successful completion of the modifications agreed and ordered herein.  Defendant shall not be required to escrow any funds towards items discussed herein which have been successfully completed.  Furthermore, the escrow amount stated herein shall be reduced by any monies expended toward remediations of the items noted in Section III herein over the past thirty (30) days.

IX.

The Court DECLARES that Plaintiff is the prevailing party in this action.  The parties shall attempt to negotiate the reasonable amount of prevailing party attorneys' fees, costs, and expenses to be reimbursed in this matter.  If the parties cannot agree on an amount of attorneys' fees, costs, and expenses, the prevailing party shall file a Motion for Attorneys' Fees, Costs, and Litigation Expenses no later than February 1, 2016.

X.

This Court shall retain jurisdiction over this matter solely for the purposes of enforcement of the terms and conditions of this Judgment.  Further, in the event of a material breach of the terms contained herein, the aggrieved Party shall be entitled to request injunctive or other relief as stated in this Judgment.

## XI.

This Judgment shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and/or assigns, including any successor owners, operators, lessors or lessees of the Property that succeed to the interest of either the Defendants hereunder.  In any transfer of interest or ownership of the building in which the Property is located, Defendant shall notify such person taking interest or ownership of this Judgment.   The foregoing notwithstanding, notice to a potential transferee shall not be required once the modifications are completed successfully and prevailing party attorneys' fees, costs and litigation expenses have been paid.

## XII.

The Court ORDERS that upon completion of the aforementioned by Defendant (including the payment of reasonable attorneys' fees and expenses), the Plaintiff shall be deemed to have released Defendant (and Defendant's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property) from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Judgment regarding the Property and any other federal, state or local law such as the claims that were asserted, or could have been asserted, in the above-captioned action, provided that, this

7

release shall in no way limit Plaintiff's or the Court's ability to monitor and/or enforce Defendants' compliance with the terms of this Judgment.

**DONE AND ORDERED** in Chambers this ___ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:      All counsel of record