**MANDATE**

16-3824
*Hernandez v. Berlin Newington Assocs., LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

Present:
    ROBERT A. KATZMANN,
        *Chief Judge*,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges*.

_____

MODESTO HERNANDEZ, an individual,

    *Plaintiff-Appellee*,

            v.                                              No. 16-3824

BERLIN NEWINGTON ASSOCIATES, LLC,

    *Defendant-Appellant*.
_____

For Plaintiff-Appellee:                    Louis I. Mussman, Ku & Mussman, P.A.,
                                           Pembroke Pines, FL.

1

MANDATE ISSUED ON 11/27/2017

| For Defendant-Appellant: | Stephen P. Brown, Nicole R. Fernandes, Wilson Elser Moskowitz Edelman & Dicker LLP, Stamford, CT. |
|---|---|

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the case is **REMANDED** for further proceedings.

Defendant Berlin Newington Associates, LLC appeals the order of the United States District Court for the District of Connecticut (Bryant, *J.*) awarding $222,780.25 in attorney's fees and expenses to plaintiff Modesto Hernandez, the prevailing party in an action brought pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.* We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal. We review a district court's award of attorney's fees for abuse of discretion. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Berlin Newington first argues that the district court abused its discretion in approving billing rates in excess of prevailing forum rates for two of Hernandez's attorneys. "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (internal quotation marks omitted). Here, the district court's conclusion that $375 per hour was a forum rate for two of Hernandez's attorneys was a proper exercise of discretion. The district court appropriately relied, *inter alia*, on the attorneys' significant experience with ADA cases, on the district court's own familiarity with market rates, and on declarations from local attorneys concerning forum

rates. *See Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005); *see also Harty v. Bull's Head Realty*, No. 3:11-cv-01760 (VLB), 2015 WL 1064630, at *9 (D. Conn. Mar. 11, 2015) (Bryant, J.) (collecting forum cases).

Berlin Newington next argues that the district court abused its discretion in approving an excessive number of hours. District courts reviewing fee petitions must exclude "[h]ours that are 'excessive, redundant, or otherwise unnecessary,'" allowing only those hours that are "reasonably expended." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172–73 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, the district court carefully scrutinized Hernandez's detailed fee petition, disallowed certain time entries as vague or non-billable, and approved the balance as reasonable. Given the district court's firsthand experience with the case, we cannot conclude that this was an abuse of discretion.

Berlin Newington's remaining arguments are wholly without merit. First, Berlin Newington argues that, because Hernandez's local counsel could have competently handled all in-person appearances, no travel expenses should have been awarded to his out-of-state attorney. However, the district court's modest award of travel expenses for "essential court appearances," J. App'x 296, was not an abuse of discretion. *See Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988[.]"); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001) (interpreting ADA fee-shifting statue consistently with other fee-shifting statutes). Second, Berlin Newington argues that the district court improperly based its award on "dissatisfaction" with Berlin Newington's litigation strategy, Br. of Appellant at 18, but the district court mentioned strategy solely to

explain the number of hours Hernandez's counsel billed. Third, Berlin Newington argues that the district court made a mathematical error in calculating the fees, when, in fact, there was no such error.

Hernandez is also entitled to recover a reasonable attorney's fee for defending his initial fee award on appeal. *See Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 156 (2d Cir. 2009). However, although Hernandez's requests for a delay enhancement and postjudgment interest on his initial fee award are not waived, we decline to reach them in the first instance. We therefore remand this case to the district court to calculate a reasonable fee award for defending the initial fee award on appeal and to consider in the first instance Hernandez's applications for a delay enhancement and postjudgment interest.

We have considered all of the parties' remaining arguments and have found in them no basis for altering our decision. Accordingly, the order of the district court is **AFFIRMED**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit