UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MODESTO HERNANDEZ,<br>    *Plaintiff*,<br><br>v.<br><br>BERLIN NEWINGTON ASSOCIATES, LLC,<br>    *Defendant*. | CIVIL ACTION NUMBER:<br><br>3:10-cv-01333 (VLB)<br><br>July 27, 2018 |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES, RELATED EXPENSES, DELAY ENHANCEMENT, AND POST-JUDGMENT INTEREST [DKT. 131]

Before this Court is Plaintiff's Motion for Attorneys' Fees, Related Expenses, Delay Enhancement, and Post-Judgment Interest. [Dkt. 131-1]. This motion was filed after the Second Circuit affirmed this Court's initial award of attorneys' fees and expenses. In addition to affirming the award, the Second Circuit remanded the case for this Court to decide in the first instance Plaintiff's request for reasonable attorneys' fees for defending the appeal and Plaintiff's requests for a delay enhancement and post-judgment interest.

Defendant failed to timely respond to the motion—not only did it fail to respond within 21 days, but it failed to respond after the Court *sua sponte* granted additional time and instead twice requested an extension on the deadline without demonstrating good cause. The Court deems the response waived.

The Court finds Plaintiff has met its burden to establish attorneys' fees are reasonable. Plaintiff seeks attorneys' fees for four attorneys and one paralegal

1

at the same rates the Court previously approved and the Second Circuit upheld. *See* [Dkt. 120 (Order on Atty Fees) at 16; Dkt. 131-1 at 8]. The Second Circuit also upheld the Court's use of the lodestar method for which Plaintiff advocates the Court use for a second time. In reviewing the hours billed by each attorney, the Court notes that Plaintiff took steps to "exercise[ ] strict billing judgment: (a) counsel billed 50% of the time spent on reviewing each other's work; (b) only one attorney billed for co-counsel communications; (c) administrative tasks were not billed; and (d) billing adjustments were made according the Court's previous order. *See* [Dkt. 131-1 at 7]. The Court has reviewed the itemized bills and finds the number of hours billed for each attorney to be reasonable and satisfactory. The Court also finds the costs and fees to be reasonable for an appeal.

The Court grants Plaintiff's request for post-judgment interest on the Final Judgment award in light of his entitlement to interest under 28 U.S.C. § 1961(a). *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998) (awarding post-judgment interest in an ADA case under 28 U.S.C. § 1961(a)). Post-judgment interest shall be calculated pursuant to 28 U.S.C. § 1961(a).

A district court may award an enhancement on reasonable attorneys' fees "to compensate for delay in payment of fees previously earned." *Huntington Branch, N.A.A.C.P. v. Town of Huntington, N.Y.*, 961 F.2d 1048, 1049 (2d Cir. 1992) (citing *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 282–84 (1989). Enhancement of reasonable attorneys' fees may be permitted only in "rare and

exceptional cases supported by both specific evidence on the record and detailed findings by the lower courts." *Id.* at 1050; *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (addressing fee enhancements in general where the plaintiffs requested an enhancement for superior performance and results); *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1044–45 (11th Cir. 2010) (explaining circumstances in which a delay enhancement may be awarded). Where the reason for enhancing attorneys' fees is based on the delay in payment, the delay must be exceptional and compensation "is generally made either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." *Perdue*, 559 U.S. at 556 (internal quotation marks omitted). It is also possible for an enhancement to be awarded "where an attorney assumes these costs in the fact of unanticipated delay, particularly where the delay is unjustifiably caused by the defense." *Id.* In this situation, the court should calculate the enhancement in "using a method that is reasonable, objective, and capable of being reviewed on appeal. . . ." *Id.* at 555–56.

Plaintiff seems to be arguing that he is entitled to a delay enhancement from the date of Final Judgment to present on the basis that Defendant "unjustifiably delayed payment of attorney's fees and costs" from the beginning of the case through the "meritless appeal." *See* [Dkt. 131-1 at 12]. The Court acknowledges this case took more than five years to resolve the merits, but Plaintiff has not met its burden of providing specific evidence warranting an unanticipated or unjustifiable delay. *See Perdue,* 559 U.S. at 553. Indeed, the

Court's initial award of attorneys' fees contemplated the extensive litigation and additional compensation that stemmed from it. [Dkt. 120 at 11–12].

With respect to the appeal, Plaintiff argues it was meritless and "based simply on mischaracterizations of the record and this Court's Fee Brief analysis." [Dkt. 131-1 at 12]. Plaintiff cannot show Defendant caused an unjustifiable delay by appealing the Court's fee order. It is true the Second Circuit explicitly ruled that three of Defendant's arguments were "wholly without merit." *See* [Dkt. 129 (Summary Order) at 3]. It did not, however, say this about two other arguments, as it discussed and affirmed this Court's legal analysis. The Court therefore finds the appeal was not wholly frivolous and without more it cannot find the filing was a delay tactic warranting a fee enhancement under a method "reasonable, objective, and capable of being reviewed on appeal." *Perdue*, 559 U.S. at 555–56.

Although some of Defendant's claims on appeal had merit, Plaintiff also argues that it is entitled to a delay enhancement because Defendant has failed to pay the Final Judgment since it was upheld by the appellate court. Plaintiff seeks compensation based on historical rates plus a prime rate enhancement. To the extent Plaintiff seeks compensation based on historical rates plus a prime rate enhancement, the purpose of the delay enhancement is to reflect *the present value of the fee*. *See Perdue*, 559 U.S. at 556; *Gray*, 613 F.3d at 1044 (highlighting the purpose of the delay enhancement is to "reflect present value"). Given that the current rate appears to be the same as the rate when final judgment was entered, an enhancement calculated at the historic rate plus a

prime rate enhancement would yield a greater enhancement than the present value of the fee.

Therefore, it is hereby ORDERED AND ADJUDGED that said Motion is GRANTED IN PART AND DENIED IN PART. Defendant is ordered to pay Plaintiff $50,655 in attorneys' fees plus $1,216.31 in related expenses. Further, Defendant is ordered to pay Plaintiff those amounts previously awarded by this Court in its Final Judgment. *See* [Dkt. 122]. Finally, Defendant is ordered to pay Plaintiff a *per diem* post-judgment interest as calculated under 28 U.S.C. § 1961(a). The *per diem* period began on October 18, 2016, and will continue up until Defendant fully satisfies the October 18, 2016 Final Judgment, including all interest ordered to be paid herein.

All payments due to Plaintiff shall be made within thirty (30) days of entry of this Order.

IT IS SO ORDERED.

                                                    /s/

                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: July 27, 2018